**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5201**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SYLVESTER ARNEZ REDD, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (CR-04-417)

---

Submitted: January 18, 2007    Decided: January 22, 2007

---

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

G. Arthur Robbins, CHESAPEAKE & MERIDIAN, Annapolis, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, John F. Purcell, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvester Arnez Redd, Jr., appeals from his 63-month sentence imposed following his guilty plea to distribution of crack cocaine and his consecutive sentence of 60 months following his guilty plea to possession of a firearm in furtherance of a drug trafficking offense. Redd's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal. Redd was informed of his right to file a pro se supplemental brief, but he has not done so. The Government argues that the appeal should be dismissed because Redd validly waived the right to appeal his sentence in the plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. Blick, 408 F.3d at 168.

Our review of the record leads us to conclude that Redd knowingly and voluntarily waived the right to appeal whatever

- 2 -

sentence was imposed.  We therefore dismiss Redd's appeal from his sentence.

Although the waiver provision in the plea agreement precludes our review of the sentence, it does not preclude our review of any errors in Redd's convictions that may be revealed by our review pursuant to Anders.  We find that Redd's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Rule 11.  Redd was properly advised of his rights, the offenses charged, the mandatory minimum sentence, and maximum sentence for the offenses.  The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises.  See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).  We affirm Redd's convictions.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver.  We therefore affirm Redd's convictions and dismiss his appeal from his sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  Accordingly, we deny counsel's motion to withdraw from representation.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel then may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
